UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY RENDIL SMITH,

     Plaintiff,

                                           Hon. Hala Y. Jarbou

v.

                                           Case No. 1:25-cv-1187

SPARTANNASH COMPANY, et al.,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Stacey Smith filed a pro se complaint against Defendants SpartanNash Company, Family Fare Supermarket, Unknown Party #1, identified as Store Director, Unknown Party #2, identified as Supervisor, and Unknown Parties, identified as John Doe Employees, on October 6, 2025, invoking federal question jurisdiction under 28 U.S.C. § 1331. Smith alleges three federal claims: (1) violation of his Fourteenth Amendment right to equal protection under 42 U.S.C. § 1983; (2) discrimination in a place of public accommodation, in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. (Title II); and (3) interference with Smith's right to make and enforce contracts, in violation of 42 U.S.C. § 1981. Smith also alleges state-law claims of intentional infliction of emotional distress (IIED) and financial assault/economic intimidation. (ECF No. 1 at PageID.2.) For relief, Smith seeks compensatory and punitive damages, as well as injunctive relief. (*Id.* at PageID.3.)

On October 7, 2025, I granted Smith's motion to proceed *in forma pauperis*. (ECF No. 4.) Accordingly, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Based on this review, I recommend that the federal claims be dismissed for failure to state a claim upon which relief can be granted. I further recommend that the Court dismiss the state law claims without prejudice.

## I.  Background

Smith alleges that on some unidentified date, he entered the Family Fare store located at 1225 Leonard St. N.E., Grand Rapids, Michigan, to purchase "food and goods." He alleges that at the checkout, he was "targeted" by Unknown Party #2 (Supervisor), who engaged in "hostile conduct" by: falsely accusing Smith of "impropriety;" blocking Smith's purchase; demanding verification beyond store policy; and using intimidating language and gestures. (*Id.* at PageID.2.) Smith alleges that Unknown Party #1 (Store Director) arrived and failed to correct the misconduct, reinforcing the Supervisor's discriminatory and hostile actions. Smith alleges that he was "denied equal access to goods, subjected to public humiliation, and placed under economic intimidation amounting to financial assault." (*Id.*)

## II.  Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

## A.    Federal Claims

### 1.    Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Smith's Section 1983 claim fails because he alleges no fact indicating that Defendants are state actors. Rather, they are a private company and its employees. *See Sheppard v. CVS Pharm.*, No. 07-13099, 2008 WL 5447865, at *1 (E.D. Mich. Dec. 31, 2008) (dismissing claim against pharmacy, its store manager, and a stock person because they were not state actors and "no amount of discovery could establish that CVS and its two store employees were state actors performing a governmental function").

"A private party's actions constitute state action under section 1983 where those actions may be 'fairly attributable to the state.'" *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (en banc) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). "The Supreme Court has developed three tests for determining the existence of state action in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Id.* (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). In addition, if "a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983." *Cooper v. Parrish*, 203 F.3d 937, 952 n. 2 (6th Cir. 2000). Smith does not allege that SpartanNash/Family Fare and/or its employees were state actors under any of the Supreme Court's tests or that they conspired with any state official. *See Tillman v. Meijer Store*, No. 1:15-cv-459, 2015 WL 4247786, at *1 (W.D. Mich. July 13, 2015) (holding that the plaintiff failed to state a claim against a store and its loss prevention officer because he failed to allege any conduct by those private parties that could be fairly attributable to the State). The Section 1983 claim is thus properly dismissed.

### 2.    Title II Claim

Smith alleges that Defendants denied him equal access to a public accommodation on the basis of his race in violation of Title II. Title II of the Civil Rights Act prohibits discrimination on the basis of "race, color, religion, or national origin" in places of public accommodation. *See* 42 U.S.C. § 2000a(a). He fails to state a claim under Title II for several reasons.

First, the claim fails because the Family Fare grocery store does not qualify as a place of public accommodation. Section 2000a(b) specifies three categories of public accommodation: (1) inns and hotels; (2) restaurants and lunch counters; and (3) theaters and places of exhibition or entertainment. 42 U.S.C. § 2000a(b). The statute also lists a fourth category that covers:

[a]ny establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

*Id.*

Courts that have considered the issue have held that a retail establishment such as a grocery store does not qualify as a public accommodation unless it is "principally engaged in selling food for on-site consumption." *Of-Allodium v. Lantman's Mkt.*, No. 2:21-cv-17, 2021 WL 4312058, at *3 (D. Vt. Sept. 22, 2021). Thus, a plaintiff who alleges only that the facility is a grocery store fails to state a claim under Title II. *Id.* at *3-4 (holding that the plaintiff's allegation that the defendant was a grocery store without other facts suggesting that it was "a facility principally engaged in selling food for consumption on the premises" failed to state a claim); *see also Davis v. Food Lion, LLC*, No. 4:23cv147, 2024 WL 3653063, at *4 (E.D. Va. July 23, 2024) (the plaintiff's allegation that the defendant was a "grocery store that sells food items" was insufficient to show it was a place of public accommodation because nothing in the complaint indicated that the grocery store contained a restaurant or other dining facility that was principally engaged in selling food for on-site consumption); *McArthur v. C-Town Super Mkt.*, No. 3:21-cv-972, 2022 WL 2981573, at * (D. Conn. July 28, 2022) (noting that "courts have excluded grocery stores from the statute's protections where they are retail establishments that do not serve food for on-premises consumption"). Because Smith alleges nothing more than that Family Fare is a retail establishment where he went to purchase "food and goods," he fails to allege a cognizable claim under 42 U.S.C. § 2000a.

Second, even if Smith had alleged sufficient facts to show that Family Fare qualifies as a place of public accommodation, his allegations are too conclusory to suggest that he was the target of unlawful discrimination. Although Smith's allegations are vague, they imply that he was

targeted because store personnel believed he had shoplifted. Nothing about these allegations suggests that he was targeted by Defendants because of any discriminatory intent.

Lastly, Smith is entitled to no relief under Title II. The only remedy Title II authorizes is injunctive relief. 42 U.S.C. § 2000a-3(a); *see Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401–02 (1968) ("A Title II suit is . . . private in form only. When a plaintiff brings an action under that Title, he cannot recover damages. If he obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority."); *Watson v. Fraternal Order of Eagles*, 915 F.2d 235 (6th Cir. 1990) (noting that "Title II entitles successful plaintiffs to injunctive relief only"). While Smith does request injunctive relief, the only injury he alleges occurred sometime in the past when he was a customer at Family Fare. In the absence of any allegation of any continuous or ongoing discrimination against Smith, he has not stated a claim that may be remedied by injunctive relief under Title II.

### 3.    Section 1981 Claim

Smith brings his final federal claim under Section 1981, which provides, in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The term "make and enforce contracts" is defined to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981 "prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006).

"[T]o establish a claim for racial discrimination under section 1981, a plaintiff must plead and prove that (1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Id.* at 358. In addition, "a plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. National Ass'n of African Am.-Owned Media*, 589 U.S. 327, 341 (2020). A plaintiff who brings a Section 1981 claim must allege sufficient facts to meet the *Twombly/Iqbal* plausibility standard. *Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013). That is, the complaint "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference that Defendants discriminated against Plaintiff with respect to his race . . . ." *Id.* (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).

Smith's factual allegations fall far short of the *Twombly/Iqbal* pleading standard. The facts he pleads do not come close to suggesting that his race was the "but for" cause of Defendants' actions. Plaintiff's vague references to "hostile conduct," "impropriety," "blocking Plaintiff's purchase," and "[u]sing intimidating language and gestures" provide no basis to conclude that Defendants violated Section 1981. Therefore, this claim fails as well.

### B.    State-Law Claims

Finally, to the extent Smith seeks to invoke this Court's supplemental jurisdiction over his state-law claims, I recommend that the Court decline to exercise supplemental jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction, and the federal claims are dismissed prior to trial, the court will dismiss the remaining state law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514,

521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Id.* at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

Here, because the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction, I recommend that Smith's state-law claims be dismissed without prejudice.

### III.  Conclusion

Accordingly, for the reasons set forth above, I recommend that the Court dismiss the federal claims for failure to state a claim and dismiss the state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.

2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis

for an appeal and recommend that, should Smith appeal this decision, the Court assess the $605.00

appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  October 9, 2025                                    /s/ Sally J. Berens
                                                         SALLY J. BERENS
                                                         U.S. Magistrate Judge


    OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court

within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See*

*Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).